**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1997**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

ANA CHAVEZ and HECTOR
CHAVEZ, individually and as parents
and next friends, minor child Rebecca
Chavez,

      Plaintiffs-Appellants,

v.

ACADEMY SCHOOL DISTRICT 20;
MARY THURMAN, in her official
capacity; SAMMYE WHEELER, in
her official capacity; LARRY
STRUBEL, in his official capacity;
TAMMI R. HARTBAUER, in her
official and individual capacity,

      Defendants-Appellees.

No. 96-1360
(D.C. No. 96-M-582)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **HENRY** and **BRISCOE,** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs appeal the dismissal with prejudice of their 42 U.S.C. § 1983 and pendent state law claims. We affirm with respect to the section 1983 claims, but vacate the district court's order to dismiss with prejudice the state law claims. We remand for dismissal of the state law claims without prejudice.

Plaintiffs Ana and Hector Chavez (the Chavezes) brought this suit, individually and on behalf of their minor daughter, Rebecca, against the Academy School District No. 20 and several school officials in their official capacities, including Ms. Tammi Hartbauer, Rebecca's language arts instructor. Ms. Hartbauer was also sued in her individual capacity. The Chavezes alleged a variety of Constitutional and state law claims arising out of a dispute over Rebecca's class schedule. The facts are fully set out in the district court's opinion, Chavez v. Academy Sch. Dist. No. 20, No. 96-M-582 (D. Colo. July 3, 1996), and we will not repeat them here.

The Chavezes originally filed this action in Colorado State Court. The defendants removed to federal court and filed a motion to dismiss the section 1983 claims for failure to state a claim on which relief could be granted, and a motion to dismiss the state law claims for lack of subject matter jurisdiction.

In ruling on the motions, the district court first considered the Chavezes' section 1983 constitutional claims. We review the district court's grant of a

motion to dismiss de novo. Lafoy v. HMO Colorado, 988 F.2d 97, 98 (10th Cir. 1993). The district court held that "[b]ecause the Chavezes do not have a constitutional right to control their daughter's education by selecting particular teachers and methods of instruction, I conclude they have not stated a claim upon which relief can be granted." Chavez, No. 96-M-582, slip op. at 2. The court then determined that Rebecca's class reassignments did not amount to a suspension, expulsion or denial of admission under Colorado statutes, id. at 9, and concluded that no claim of constitutional dimension had been raised on Rebecca's behalf. We have thoroughly reviewed the record in light of defendants' claims, and we conclude the district court did not err in dismissing with prejudice the section 1983 claims. We therefore affirm the district court in this respect substantially for the reasons set out in its opinion.

The district court next considered the pendent state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (district court may consider pendent state law claims after dismissal of federal claims). Defendants asserted that the Chavezes failed to comply with the notice provisions of the Colorado Governmental Immunity Act (CGIA), and that the Chavezes' state law claims were therefore barred. COLO. REV. STAT. §§ 24-10-109(1) and 118(1)(a). Under section 109(1),

> an individual seeking recourse against a public entity . . . must notify that entity of any claims against it within 180 days of discovery of the injury. An action cannot be commenced by the claimant until the public entity has denied the claim or until ninety days have elapsed from the filing of the notice.

Regional Transp. Dist. v. Lopez, 916 P.2d 1187, 1188 (Colo. 1996). The CGIA applies to school districts, individual schools, and all employees of such entities when acting within the scope of their employment. COLO. REV. STAT. §§ 24-10-102, 103(4)(a), and (5). Timely notice is a "jurisdictional prerequisite to any action . . . and failure of compliance shall forever bar any such action." Id. at § 109(1); id. at § 118(1)(a). Since the Chavezes filed their complaint before providing defendants notice of their claims, defendants argue the Chavezes' state law claims are jurisdictionally barred and must be dismissed for lack of subject matter jurisdiction.

The Chavezes respond that their state claims against Ms. Hartbauer were brought against her individually for acts outside the scope of her employment, and therefore there was no obligation to satisfy the terms of the CGIA as to those claims. Moreover, even if the claims against Ms. Hartbauer are subject to the CGIA, as they concede their claims against the other defendants are, they claim they did provide timely notice to defendants after the complaint was filed. Relying on Lopez, they assert that notice received after the complaint creates only a statutory rather than a jurisdictional defect which should not bar their claims.

-4-

See Lopez, 916 P.2d at 1192 (filing complaint *after* timely notice, but *before* expiration of ninety-day "cooling off" period, constitutes a statutory rather than jurisdictional bar to claim which can be cured by refiling complaint after dismissal without prejudice).

The district court determined as a matter of law that Ms. Hartbauer was at all relevant times acting within the scope of her employment and that the claims against her were subject to the notice requirements of the CGIA. Chavez, No. 96-M-582, slip op. at 16-17. The court then observed that the "notice" provision of the CGIA is meant to provide prompt notice of potential liability to governmental entities. Id. at 14. Notice which is presented after the filing of a lawsuit, as in this case, does not serve that purpose and cannot satisfy the statutory requirements. Id. Neither was the Chavezes' complaint a "premature" filing, as described by the Colorado Supreme Court in Lopez. Id. at 15. That case applied only to failure to comply with the ninety-day waiting period, not the 180-day notice period. Since noncompliance with the "notice" provision is a jurisdictional bar, the district court concluded that the Chavezes' complaint must be dismissed with prejudice. Id. at 14-15; Lopez, 916 P.2d at 1190 ("Failure to strictly comply with the 180-day notice requirement results in dismissal of the action.").

Although we find the district court's thorough analysis of the CGIA's notice provision logical, the statute could be interpreted differently. The Lopez

case did not squarely address the issue of filing before timely notice, and arguably its analysis of premature filing after notice could be applied to the case at bar. Extension of Lopez to this situation requires a novel interpretation of state law. Although a district court may exercise pendent jurisdiction over state law claims, TV Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992), where the federal claims have been dismissed before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state law claims," Cohill, 484 U.S. at 350 n.7. "Declining pendent jurisdiction is appropriate when the court needs a 'surerfooted' analysis of state law in an area of particular importance to a state." Sullivan v. Scoular Grain Co., 930 F.2d 798, 803 (10th Cir. 1991). The CGIA is an important area of state law on which we lack unequivocal guidance from Colorado state courts. We are persuaded that plaintiffs should be allowed to test theories regarding possible bars to their state law claims in Colorado state court, where they filed this action initially.[1]

Accordingly, we affirm the dismissal with prejudice of the Chavezes' section 1983 claims, but vacate the district court's order dismissing with

---

[1]Because we vacate the district court's dismissal with prejudice of the state claims, we do not consider the merits of whether Ms. Hartbauer was at all relevant times acting within the scope of her employment.

-6-

prejudice their state law claims and remand for the district court to dismiss the state law claims without prejudice.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge