ASSOCIATION OF RETAIL TRAVEL AGENTS, LTD. (ARTA), Plaintiff, Counterdefendant,

v.

AIR TRANSPORT ASSOCIATION OF AMERICA (ATA), et al., Defendant, Counterplaintiff.

Civ. A. No. 84–2942.

United States District Court, District of Columbia.

April 9, 1986.

Barry Roberts, Roberts & Singer, Washington, D.C., for plaintiff.

David B. Lytle, Harry T. Jones, Jr., Hogan & Hartson, Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

The Association of Retail Travel Agents, Ltd. (ARTA) brings this action against the Air Transport Association of America (ATA), its member carriers, and members of the ATA board of directors. The focus of the litigation is the Airlines Reporting Corporation (ARC) program, which is run by ATA to coordinate the dealings between the airline members and approved travel agencies. In the primary action, ARTA alleges that aspects of the ARC program are anticompetitive and in violation of the antitrust laws. ATA has filed a counterclaim against ARTA, alleging that ARTA's activities relating to the formation of the ARC program violated the antitrust laws. After the Court indicated that it planned to dismiss the counterclaim, ATA filed an amended counterclaim. The action is now before the Court on ARTA's motion for judgment on the pleadings as to the amended counterclaim.

ATA's counterclaim contains three counts. Count I is brought under section 1 of the Sherman Act, 15 U.S.C. § 1, and alleges restraint of trade. Counts II and III are brought under section 2 of the Sherman Act, 15 U.S.C. § 2, and allege

attempt to monopolize and conspiracy to monopolize, respectively.

The counterclaim identifies three categories of allegedly illegal activity engaged in by ARTA. First, the counterclaim alleges that after the unveiling of ATA's working draft for the ARC program in June 1984, ARTA, in agreement with some of its members and others "not yet known to Counterplaintiff," entered into "a deliberate campaign to delay, inhibit, interfere with, and otherwise prevent the development, establishment, or operation of the ARC travel agency program." Amended Counterclaim at ¶ 12 (filed May 20, 1985). ARTA's actions allegedly included "repeated demands for slowdowns in the proceedings; demands to be present at all meetings, followed by abrupt walk-outs from meetings; demands for consideration of ill-conceived notions solely to interfere with the Task Force's orderly consideration of the issues; and the inducement of others to join in its disruptive tactics." *Id.* at ¶ 13. ATA also alleges that ARTA developed an alternative plan to ARC "and secretly solicited certain air carriers (and possibly others not yet known to Counterplaintiff ATA) to join in its plan as a device to undermine the ARC program proposal." *Id.* at ¶ 14. ARTA's program allegedly "contained patently anticompetitive provisions," *id.*, as opposed to the "procompetitive" ARC program. *Id.* at ¶ 7. As the second allegedly illegal activity, ATA states that ARTA President Ronald A. Santana "sought to organize a boycott of the ARC program by travel agents through repeated public statements inviting travel agencies jointly to refuse to participate in the program." *Id.* at ¶ 15. The third category of activity alleged is "the initiation and maintenance of a pattern of baseless and sham judicial and administrative proceedings." *Id.* at ¶ 16.

For the first two categories of the alleged illegal activity, ATA's only alleged injury is "ATA's additional costs and expenses in the conduct of its trade association activities, including the development and establishment of the ARC program." *Id.* at ¶ 20. For the third category of activity, ATA seeks the attorneys fees and costs of defending the allegedly baseless actions.

ATA's claim regarding the third category of activity was dismissed on May 24, 1985. 1985–1 Trade Cas. (CCH) ¶ 66,632 (D.D.C. 1985). This Order stayed discovery as to ATA's other two categories of activities claimed to violate the antitrust laws. The Memorandum and Order addressed the effect of the counterclaim on ARTA's "First Amendment right to petition for redress of grievances." *Id.* at 66,124. Consequently, the Court found "no occasion" to address or dismiss the other aspects of ATA's counterclaim which at the time of the Court's ruling had not been fully briefed or argued. *Id.* Because ARTA's motion for judgment on the pleadings is now ripe for disposition, the occasion to address these other two allegations has now arisen.

## II.

### A.

■ Section 1 of the Sherman Act requires a party to show concerted activity in restraint of trade. 15 U.S.C. § 1. To establish concerted activity, counterplaintiff here merely alleges that ATA conspired with its members. It provides no factual basis for this allegation. Although a trade association can conspire with its members, *National Soc. of Professional Engineers v. United States*, 435 U.S. 679, 98 S.Ct. 1355, 55 L.Ed.2d 637 (1978); *Mardirosian v. American Institute of Architects*, 474 F.Supp. 628, 636 n. 16 (D.D.C.1979), mere membership in a trade association does not give rise to an inference of conspiracy. *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir.1976), *cert. denied*, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977); *James Julian, Inc. v. Raytheon Co.*, 557 F.Supp. 1058, 1064 (D.Del.1983). Proof of knowing, intentional participation in the illegal activities of the association is required. *James Julian, Inc., supra*, 557 F.Supp. at 1065 (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 513 F.Supp. 1100, 1149 (E.D.Pa.1981)). Counterplaintiff has alleged no facts to support

its allegation that ARTA enjoyed the knowing participation of any of its members in illegal activity in restaint of trade. Counterplaintiff has thus failed sufficiently to allege concerted activity in violation of section 1 of the Sherman Act.

█ Counterplaintiff also fails to allege activities "in restraint of trade" as required under section 1 of the Sherman Act. ATA is an association of air carriers. ARTA is an association of travel agents. ARC is an "industry travel agency program for the retail sale in the United States of passenger air transportation" which is run by ATA. Amended Counterclaim at ¶ 7. All of ATA's allegations relate to activities of ARTA during the development of the ARC program. They thus relate to vertical negotiations between producers and distributors of air travel services, through their agents, as to the structure of the distribution network. In fact, according to the allegation of the counterclaim, counterdefendant sought competitive input into the formation of the air travel sale distribution network. Counterplaintiff's injuries, e.g., increased cost in the development of the program, appear to have resulted from its failure to suppress such competitive input. Similarly, ARTA's alternate plan, as alleged, was merely a proposal that ATA and its individual members were free to accept or reject. A producer cannot sue under the antitrust laws simply because a distributor, or a group of distributors, do not accept without question all of its terms and conditions. The general rule is that an entity is allowed, absent monopolistic purpose, to deal with any chosen customer or supplier. *United States v. Colgate & Co.*, 250 U.S. 300, 307, 39 S.Ct. 465, 468, 63 L.Ed. 992 (1919). Mere refusal to deal, without an agreement or conspiracy, is not a violation of the antitrust laws. *Dahl, Inc. v. Roy Cooper Co.*, 448 F.2d 17, 19 (9th Cir.1971); *Moore v. Jas. H. Matthews & Co.*, 550 F.2d 1207, 1220 (9th Cir.1977).

█ The antitrust laws "were enacted for 'the protection of *competition* not *competitors.*'" *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 488, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320, 82 S.Ct. 1502, 1521, 8 L.Ed.2d 510 (1962)) (emphasis in original). To distinguish its claim from a mere business tort, counterplaintiff must allege significant anticompetitive effects resulting from counterdefendant's actions. *Walker v. U–Haul Co. of Mississippi*, 734 F.2d 1068, 1073 & n. 18 (5th Cir.1984); *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 554 (7th Cir.1980); *Mizlou Television Network, Inc. v. National Broadcasting Co.*, 603 F.Supp. 677, 683 (D.D.C.1984) (citing *id.*). The only injuries alleged by counterplaintiff are "ATA's additional costs and expenses in the conduct of its trade association activities, including the development and establishment of the ARC program." Amended Counterclaim at ¶ 20. These injuries are quintessentially business tort injuries—harm to a competitor—not harm to competition in the market. Absent factually supported allegations of anticompetitive effect, counterplaintiff's counterclaim fails to state a claim under section 1 of the Sherman Act and must be dismissed. *Walker, supra; Havoco of America, Ltd., supra; Mizlou Television Network, Inc., supra.*

█ Like its other allegations as to restraint of trade, counterplaintiff's allegations as to alleged efforts to organize a boycott of the ARC program appear to have been simply part of the give and take of negotiations. Most fundamentally, however, a boycott is traditionally a *horizontal* restraint whereby "traders at one level ... seek to protect themselves from competition from nongroup members who are competing ... at that level. They do this by taking concerted action aimed at depriving the excluded [traders] of some trade relationship which they would need to compete effectively at th[at] ... level." L. Sullivan, Handbook of the Law of Antitrust 230 (1977). To constitute an illegal boycott, ARTA's action must have been aimed at fellow travel agents, to be influenced by a boycott of the ARC program. ATA does not allege such an intent. And even if it

did allege such an intent, as an association of air carriers it would not have standing to sue for any competitive injuries suffered by travel agents. *Transource International, Inc. v. Trinity Industries, Inc.,* 725 F.2d 274, 280 (5th Cir.1984). On its face ATA's counterclaim recites antitrust terminology, but fails to support its terminology with facts which would make such allegations meaningful under antitrust theory. As such, the claim under section 1 of the Sherman Act must be dismissed. *Mizlou Television Network, Inc., supra,* 603 F.Supp. at 683.

### B.

To state a claim for attempted monopolization counterplaintiff must allege (1) a specific intent to destroy competition or control competition in the relevant market and (2) a dangerous probability of success. *Swift & Co. v. United States,* 196 U.S. 375, 396, 25 S.Ct. 276, 279, 49 L.Ed. 518 (1905); *Transource International, Inc., supra,* 725 F.2d at 282; *Nifty Foods Corp. v. Great Atlantic & Pacific Tea Co.,* 614 F.2d 832, 841 (2d Cir.1980); *Consolidated Terminal Systems, Inc. v. ITT World Communications, Inc.,* 535 F.Supp. 225, 228 (S.D.N.Y.1982); *Merit Motors, Inc. v. Chrysler . Corp.,* 417 F.Supp. 263, 269–70 (D.D.C.1976), *aff'd,* 569 F.2d 666 (D.C.Cir. 1977). Counterplaintiff alleges the elements of the offense in only a conclusory fashion. Nowhere does ATA allege "a single fact to document [ARTA's] supposed actual or probable market power," *Mizlou Television Network, Inc., supra,* 603 F.Supp. at 684, or any other reason to find a dangerous probability of success. The "omission is fatal." *Id.* Such conclusory allegations will not survive a motion to dismiss. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 995 (11th Cir.1983); * *id.*

---

* ATA cites *Quality Foods* in support of its argument that a complainant is not required to plead market power for an attempt to monopolize claim. But, that court recognized that some allegation as to market power was necessary to survive a motion to dismiss, stating:

### C.

The elements necessary to establish a claim of conspiracy to monopolize are: (1) the existence of a combination or conspiracy to monopolize; (2) overt acts done in furtherance of the combination or conspiracy; (3) an effect upon an appreciable amount of interstate commerce; and (4) a specific intent to monopolize. *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 704 F.2d 787, 796 (5th Cir.1983); *Olsen v. Progressive Music Supply Inc.,* 703 F.2d 432, 438 (10th Cir.), *cert. denied,* 464 U.S. 866, 104 S.Ct. 197, 78 L.Ed.2d 172 (1983). This count of the counterclaim suffers from some of the same deficiencies as the allegations of the other counts. First, counterplaintiff does not adequately allege a conspiracy between ARTA and any of its members to monopolize the retail travel sale market. And second, counterplaintiff does not allege that counterdefendant "has the power to control price and exclude *competition generally* in the relevant market." *Mizlou Television Network, Inc., supra,* 603 F.Supp. at 684 (emphasis in original). Absent the necessary factual support, counterdefendant's claim of conspiracy to monopolize must be dismissed.

\*     \*     \*     \*     \*     \*

Counterplaintiff has failed to support its conclusory allegations of antitrust violations with facts necessary to state a claim. The accompanying Order will dismiss ATA's counterclaim with prejudice.

[T]he complaint implies that [defendant] possessed sufficient market power to effect a change in the price of frozen vegetables in the United States ...
*Id.* at 996.