**BUDGET RENT A CAR OF
WESTCHESTER, INC.,**

v.

**RENTAL CAR RESOURCES, INC., d/b/a
Budget Rent A Car of Connecticut.**

**Civ. No. 5:92:461 WWE.**

United States District Court,
D. Connecticut.

Oct. 19, 1993.

Allan S. Mall, Stamford, CT.

Daniel Schwartz, James Sicilian, Amanda Pratt Siegel, Day, Berry & Howard, Hartford, CT.

Mark Stern, Stern & Miller, Stamford, CT.

### RULING ON DEFENDANTS' MOTION TO DISMISS

EGINTON, Senior District Judge.

Plaintiff Budget Rent A Car of Westchester, Inc., commenced this action against defendants Rental Car Resources, Inc. ("RCR"), Budget Rent A Car Corporation ("BRAC Corp.") and Budget Rent A Car Systems ("BRAC Systems"). In its first count, plaintiff alleges that defendants violated Sections One and Two of the Sherman Act, 15 U.S.C. §§ 1 & 2, and Section 4 of the Clayton Act, 15 U.S.C. § 15. The remaining counts of the second amended complaint ("complaint") predicate liability on theories that do not independently support federal subject matter jurisdiction, i.e., violations of the Connecticut Unfair Trade Practices Act and the Connecticut Franchise Act, breach of contract and tortious interference with prospective business opportunities.

Defendants have moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) & (6). They argue that plaintiff has not alleged facts sufficient to support an antitrust action. Defendants further assert that, absent the antitrust claim, plaintiff has no independent basis for invoking the jurisdiction of this court.

### FACTS

The following facts are pertinent to a resolution of defendants' motion to dismiss.[1] Plaintiff is a licensee of BRAC Corp. and BRAC Systems and is engaged in the business of renting cars and trucks. Plaintiff is licensed to operate its business in Westchester County, New York and Fairfield County, Connecticut. Plaintiff's license, however, does not include the towns of Bridgeport and Fairfield, Connecticut. RCR is also a licensee of BRAC Corp. and BRAC Systems. RCR originally offered rental cars and trucks to areas not within the plaintiff's geographic territory.

In March, 1989, RCR and plaintiff began to discuss the possibility of a sublicense through which plaintiff would permit RCR to offer its services within plaintiff's territory. By April, 1992, RCR and plaintiff had still not finalized the proposed sublicense. Before the parties could reach an agreement, RCR began to operate its business within plaintiff's territory, soliciting and diverting

---

[1]. For purposes of deciding defendants' motion to dismiss, the court assumes that the allegations in the plaintiff's complaint are true. *Scheuer v.* *Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

plaintiff's potential customers. BRAC Corp. and BRAC Systems encouraged RCR to encroach on plaintiff's territory. According to plaintiff, defendants' acts in this regard have "resulted in the lessening of competition within the market aforesaid ... and damage to the public by the direct reduction and/or elimination of a competitor."

## II. *DISCUSSION*

■ For . purposes of Fed.R.Civ.P. 12(b)(6), a dismissal is warranted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). "The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In the context of an antitrust count, a plaintiff cannot merely state, in conclusory terms, that a defendant violated federal antitrust laws. *TV Communications Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1024 (10th Cir.1992). See also *Klebanow v. New York Produce Exchange,* 344 F.2d 294, 299 (2d Cir.1965).

■ In the present case, the dispositive issue is whether plaintiff has alleged sufficient facts to establish an "antitrust injury." Unless plaintiff alleges an "antitrust injury," it cannot proceed on either a restraint of trade or on a monopolization theory. See *Juster Assoc. v. City of Rutland,* 901 F.2d 266, 269 (2d Cir.1990). The United States Supreme Court has defined "antitrust injury" as an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977).

■ The fact that a defendant's actions have the effect of diminishing a plaintiff's competitive ability and reducing profits will not necessarily give rise to a cognizable antitrust injury. *Retail Service Assoc. v. ConAgra Prod. Co.,* 759 F.Supp. 976, 980 (D.Conn. 1991); *Blaine v. Meineke Discount Muffler Shops, Inc.,* 670 F.Supp. 1107, 1114 (D.Conn. 1987). Our antitrust laws were "enacted to protect *competition,* not *competitors.*" *Juster Assoc.,* 901 F.2d at 269, quoting *Brunswick Corp.,* 429 U.S. at 488, 97 S.Ct. at 697. A plaintiff must allege some *public* injury to competition, i.e., "a harmful effect on a more generalized market and not merely on [plaintiff's business]." *Blaine,* 670 F.Supp. at 1114.

In the present case, even the most lenient interpretation of plaintiff's allegations does not reveal an antitrust injury. The thrust of the complaint is that defendants conspired to encroach upon plaintiff's territory by offering similar services to the public. RCR's presence in plaintiff's territory, therefore, provided the public with an alternative to plaintiff's rental services. Whatever merit there may be in plaintiff's state law claims, it is impossible to discern a federal antitrust injury when the allegations in the complaint so clearly indicate that defendants have *increased* competition, albeit to the detriment of a competitor.

The decision in *Blaine v. Meineke Discount Muffler Shops, Inc.* is remarkably similar to the present case. In *Blaine,* plaintiffs were licensees of defendant Meineke Discount Muffler Shops, Inc. ("Meineke"). In its contract with plaintiff, Meineke agreed not to license any other center within three miles of plaintiffs' franchise. This provision notwithstanding, Meineke licensed another franchise center to operate within plaintiffs' territory. Meineke also refused to allow plaintiff to operate a second Meineke center in another territory. *Blaine,* 670 F.Supp. at 1109. The district court dismissed plaintiffs' antitrust claims, reasoning that plaintiffs were merely "jilted" distributors, injured by the increase in competition, not by an antitrust violation. *Id.* at 1114.

■ The reasoning in *Blaine* is equally applicable to the present case. Here, defen-

dants' actions may well have had a deleterious effect on the success of plaintiff's business. That fact, however, does not establish an antitrust injury. An increase in competition that threatens the viability of a competitor does not give rise to antitrust liability. "To hold otherwise, would be to 'divorce( ) antitrust recovery from the purposes of the antitrust laws.'" *Juster Assoc. v. City of Rutland,* 901 F.2d at 269, quoting *Brunswick,* 429 U.S. at 487, 97 S.Ct. at 696.

█ Plaintiff seeks refuge in Fed. R.Civ.P. 8(a)(2). This rule provides that "a pleading ... shall contain ... a short plain statement of the claim showing that the pleader is entitled to relief." While this rule is applicable to the present case, plaintiff's complaint must still set forth "enough data so that each element of the alleged antitrust violation can be identified." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 995 (11th Cir.1983). Despite the liberal pleading requirements of Rule 8(a)(2), plaintiff has not alleged an antitrust injury. Instead, plaintiff has predicated liability on the negative effects of *increased* competition.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss count one of the complaint [# 34] is GRANTED. Having dismissed plaintiff's only federal claim, this court is left without jurisdiction and must also dismiss plaintiff's remaining state claims. The clerk is directed to close this case.