Barbara D. WESLEY, M.D., M.P.H., Plaintiff,

v.

HOWARD UNIVERSITY, et al., Defendants.

No. CIV. A. 97–0253 (JR).

United States District Court, District of Columbia.

March 5, 1998.

Shelley D. Hayes, Washington, DC, for Plaintiff.

A. Scott Bolden, Bhavana S. Boggs, Reed, Smith, Shaw & McClay, Washington, DC, for Defendants.

*MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff, an African American female perinatologist born in the United States, complains of discrimination on the basis of gender and national origin, conspiracy in restraint of trade, breach of employment contract, defamation, and violation of D.C.Code § 32–1307 by Howard University, its hospital, its medical school, and two individuals. The claims all arise from the suspension of her hospital admitting privileges on October 31, 1996. Defendants have moved to dismiss or in the alternative for summary judgment on all counts.[1] My conclusion, for the reasons set forth below, is that all of plaintiff's federal claims fail as a matter of law. I will decline supplemental jurisdiction under 28 U.S.C. § 1367 and remand the remaining issues to the Superior Court for the District of Columbia.

*FACTS*

Plaintiff's suspension was for 14 days, pending an investigation of treatment decisions she had made in several cases. A week after her suspension, on November 7, 1996, plaintiff filed a complaint with the District of Columbia Department of Human Rights and Minority Business Development (DHRMBD), alleging that her suspension was discriminatory. The following week, on November 14, 1996, the hospital offered to restore plaintiff's admitting privileges upon condition that her patients be supervised by other doctors until the questions which had led to her suspension could be resolved. Plaintiff refused to accept those conditions and thus effectively refused reinstatement. Thereafter, on November 27 and December 11, 1996, defendants again suspended plaintiff's admitting privileges for 14-day periods.[2]

While negotiations were pending for an informal settlement of plaintiff's claim, the Hospital hired several more doctors in the Department of Obstetrics and Gynecology.

---

1. Because both plaintiff and defendants have presented extensive evidence beyond that presented by the complaint, I will consider the pending motion as one for summary judgment under Rule 56.

2. Since the initiation of this suit, plaintiff's teaching position has been reinstated, but her medical privileges remain suspended.

One of those doctors, Dr. Sundri Bhagwanani, was appointed director of the perinatal center in the early morning of January 8, 1997, the day that negotiations with plaintiff were to begin. Plaintiff, who apparently interpreted these events as a showing of bad faith, did not attend the scheduled negotiations. Instead, she filed a five-count complaint in the Superior Court for the District of Columbia. Defendants removed that action to this court.

## ANALYSIS

### 1. *Count One*

Plaintiff asserts three statutory bases for her claims of employment discrimination in count one: violation of Title VII (42 U.S.C. § 2000(e)), contract discrimination in violation of 42 U.S.C. § 1981, and civil rights conspiracy in violation of 42 U.S.C. § 1985.[3]

### *Title VII*

Plaintiff's Title VII claim is barred because she never filed a complaint with the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. § 2000e–5(f)(1). Plaintiff admits that she has no "right to sue" letter but argues that she was not required to file a charge with the EEOC because the District of Columbia is a "deferral state" for Title VII purposes. The argument fails. The District of Columbia's status as a deferral state does not eliminate the need to file an EEOC complaint, but only extends the time for filing with the EEOC to 300 days from the date of the alleged discriminatory act. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).[4]

### *Section 1981*

Gender claims are not cognizable under § 1981. National origin discrimination is cognizable under § 1981 only if based on racial or ethnic characteristics associated with the national origin in question. *St. Francis College v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Plaintiff does not allege that defendants have discriminated against her based on racial or ethnic characteristics associated with being born in the United States. Her § 1981 claim must accordingly be dismissed.

### *Section 1985*

Section 1985 does not establish substantive rights but rather protects the rights secured by the Fourteenth Amendment. *See Great American Fed. Sav. & Loan Assoc. v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Section 1985 claims therefore require a cognizable predicate act of discrimination. *See Johnson v. Greater Southeast Community Hosp. Corp.*, 903 F.Supp. 140, 153 (D.D.C.1995). In this case, that means that plaintiff's § 1985 claim can succeed only to the extent that her § 1981 claim succeeds.[5] Plaintiff's § 1985 claim must therefore be dismissed.

### 2. *Count Two*

Plaintiff's only remaining federal claim is that defendants conspired against her in restraint of trade in violation of the Sherman Act, 15 U.S.C. § 1. Defendants' argument is that, under the "intercorporate immunity" doctrine, an entity, its officers and agents are presumed to act as a single enterprise and may not be found to have conspired with one another. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769,

---

**3.** Plaintiff also alleges that the discrimination described in count one violates the DCHRA, D.C.Code § 1–2507. That part of count one is not dismissed with the federal counts, but remanded along with plaintiff's other state law counts to Superior Court.

**4.** Plaintiff's filing deadline cannot be considered equitably tolled during the time that a complaint was pending in this court. The doctrine of tolling is not applicable where plaintiff chooses to litigate in an alternative forum. Rather, it applies only where there is some action by the employer to prevent the employee from either knowing the facts underlying his claim, or knowing that he had the legal right to file an EEOC charge. *See, e.g., Int'l Union of Elec., Radio and Machine Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 240, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).

**5.** It is undisputed that Title VII violations cannot form the basis for a § 1985 conspiracy. *See Great American Fed. Sav. & Loan Assoc. v. Novotny*, 442 U.S. at 378, 99 S.Ct. 2345.

**4**

104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Moreover, defendants argue, members of a hospital's medical staff are agents of the hospital for purposes of intracorporate immunity. *Nurse Midwifery Associates v. Hibbett,* 918 F.2d 605, 614 (6th Cir.1990), *cert. denied,* 502 U.S. 952, 112 S.Ct. 406, 116 L.Ed.2d 355 (1991).

■■■■ Plaintiff responds, correctly, that intracorporate immunity can be overcome by a showing that the agents of an entity are acting "solely for personal, nonbusiness motivations," citing *Weaver v. Gross,* 605 F.Supp. 210, 215 (D.D.C.1985). Plaintiff has neither proven nor alleged facts which could overcome the immunity, however. She has alleged only that she could show a personal nonbusiness motivation on the part of one defendant, Dr. Osborne. *See* Transcript of Motions Hearing, Nov. 21, 1997, at 28–30. An antitrust conspiracy—as with any other conspiracy—requires more than one participant. Plaintiff's amended complaint therefore fails to state a Sherman Act claim.[6]

An order dismissing the federal claims in count one, dismissing count two in its entirety, and remanding the remainder of this case to D.C. Superior Court accompanies this memorandum.

### *ORDER*

Upon consideration of defendants' motion to dismiss or in the alternative for summary judgment [#3], the opposition thereto, and the entire record, and for the reasons set forth in the accompanying memorandum, it is this 6th day of March, 1998,

ORDERED that the federal claims asserted in count one of the amended complaint are DISMISSED. It is

FURTHER ORDERED that count two of the amended complaint is DISMISSED. And it is

---

**6.** Count Two also alleges a violation of the District of Columbia Unfair Trade Practices Act, D.C.Code § 28–4508. Where a complaint fails to state a claim under the Sherman Act (for any reason other than lack of an effect on interstate

FURTHER ORDERED that this case be REMANDED to the Superior Court for the District of Columbia.

commerce), it also fails as a matter of law under the District of Columbia Unfair Trade Practices Act. *See Dial A Car v. Transportation, Inc.,* 884 F.Supp. 584, 588 n. 2 (D.D.C.1995), *aff'd,* 82 F.3d 484 (D.C.Cir.1996).